IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT MILHOUSE,
      Petitioner,

vs.                            Case No.:  3:18cv2203/LAC/EMT

STATE OF FLORIDA,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (ECF No. 1).  Respondent filed an answer and relevant portions of the state court record (ECF No. 10).  Petitioner filed a reply (ECF No. 14).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues presented by the parties, it is the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to federal habeas relief.

## I.    BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* ECF No. 10).[1]  Petitioner was charged in the Circuit Court for Escambia County, Florida, Case No. 2016-CF-832, with one count of possession of a controlled substance (cocaine) (Ex. A at 8).  Following a jury trial on October 28, 2016, Petitioner was found guilty as charged (Ex. A at 368, Ex. B).  On November 29, 2016, the court sentenced Petitioner to five (5) years in prison, with credit for time served of 231 days (Ex. A at 370–98, 404–10).

Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D16-5770 (Ex. D).  The First DCA affirmed the judgment per curiam without written opinion on December 13, 2017 (Ex. F).  *Milhouse v. State*, 238 So. 3d 210 (Fla. 1st DCA 2017) (Table).  The mandate issued January 10, 2018 (Ex. F).

On April 19, 2018, Petitioner filed a motion for post-conviction relief in the state circuit court, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. G).  The circuit court summarily denied the Rule 3.850 motion in an order rendered

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted by Respondent (ECF No. 10).  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

September 14, 2018 (Ex. H). Petitioner did not appeal the circuit court's decision (*see*

ECF No. 1 at 5–6).

Petitioner filed the instant federal habeas action on October 30, 2018 (ECF No.

1).

## II.    STANDARD OF REVIEW

Federal courts may grant habeas corpus relief for persons in state custody

pursuant to 28 U.S.C. § 2254.  Pub. L. 104-132, § 104, 110 Stat. 1214, 1218–19.

Section 2254(d) provides, in relevant part:

> **(d)**  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > **(1)**  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > **(2)**  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  If the federal habeas court finds that the petitioner satisfied

§ 2254(d) with respect to a claim that the state courts adjudicated on the merits, the

court then conducts an independent review of the merits of the petitioner's claims.

*See Panetti v. Quarterman*, 551 U.S. 930, 954, 127 S. Ct. 2842, 168 L. Ed. 2d 662

(2007).  Even then, the writ will not issue unless the petitioner shows that he is in

custody "in violation of the Constitution or laws and treaties of the United States." 28

U.S.C. § 2254(a).

## III.    EXHAUSTION AND PROCEDURAL DEFAULT

It is a long-standing prerequisite to the filing of a federal habeas corpus petition

that the petitioner have exhausted available state court remedies, 28 U.S.C.

§ 2254(b)(1),[2] thereby giving the State the "'opportunity to pass upon and correct'

alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364,

365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (quoting *Picard v. Connor*, 404 U.S.

270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)).  To satisfy the

exhaustion requirement, the petitioner must "fairly present" his claim in each

appropriate state court, alerting that court to the federal nature of the claim.  *Duncan*,

---

[2] Section 2254 provides, in pertinent part:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted unless it appears that–
    (A) the applicant has exhausted the remedies available in the courts of the State;
or
    (B) (i)  there is an absence of available State corrective process; or
      (ii) circumstances exist that render such process ineffective to protect the
rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the
State, within the meaning of this section, if he has the right under the law of the State to raise, by
any available procedure, the question presented.

513 U.S. at 365–66; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277–78.

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review. *Bailey v. Nagle*, 172 F.3d 1299, 1302–03 (11th Cir. 1999). In such an instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *Bailey*, 172 F.3d at 1303.

To overcome a procedural default, the petitioner must show cause for the default and prejudice resulting therefrom, or that the federal court's failure to reach the merits of the claim would result in a fundamental miscarriage of justice. *See Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993); *Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991). "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)). To satisfy the miscarriage of justice

exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.

*Id.*

## IV.   PETITIONER'S CLAIMS

Petitioner challenges his conviction on grounds of ineffective assistance of trial counsel ("IATC") (ECF No. 1 at 5, 16–22).[3] Petitioner asserts he presented his claims in a Rule 3.850 motion in the state circuit court, and the court denied the claims in a decision rendered on September 14, 2018 (*id.* at 5, 23). Petitioner states he did not appeal the circuit court's decision (*id.*). Petitioner's explanation for not filing an appeal is "Advice from law clerk" (*id.* at 6).

---

[3] When referring to the parties' pleadings, the court refers to the page numbers automatically assigned by the court's electronic filing system, rather than the page numbers of the original documents.

Respondent asserts an exhaustion defense (ECF No. 10 at 8–11). Respondent asserts Florida has a two-step process available for a defendant seeking to collaterally attack a criminal judgment and sentence; the first step is filing a Rule 3.850 motion in the trial court, and the second step is an appeal of the circuit court's order to the district court of appeal (*id.* (citing Fla. R. App. P. 9.141)). Respondent contends Petitioner presented his federal habeas claims in his Rule 3.850 motion, but he failed to complete one round of review in the state courts, because he failed to appeal the circuit court's order to the First DCA (*id.*). Respondent asserts an appeal of a circuit court decision denying a Rule 3.850 motion must be filed within thirty (30) days of rendition of the order, or the appellate court loses jurisdiction to review the order and must dismiss the appeal (*id.*). Respondent asserts that because Petitioner failed to file a notice of appeal within thirty days of September 14, 2018, he procedurally defaulted the claims presented in his Rule 3.850 motion and this § 2254 action (*id.*). Respondent alternatively contends the state circuit court's denial of Petitioner's IATC claims was not contrary to or an unreasonable application of clearly established federal law (*id.* at 11–20).

Petitioner did not address the exhaustion/procedural default issue in his reply (*see* ECF No. 14).

Respondent is correct that in Florida, exhaustion requires not only the filing of a Rule 3.850 motion, but an appeal from its denial. *See Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979).[4]  Here, Petitioner did not invoke one complete round of Florida's established post-conviction review process, because he failed to appeal the circuit court's decision denying his Rule 3.850 motion.[5]  Further, an attempt to return to state court to file a timely appeal would be futile, because the thirty-day window for filing a notice of appeal of the decision of September 14, 2018, expired on October 15, 2018. *See* Fla. R. App. P. 9.110(b); 9.141(b)(2).   Therefore, Petitioner's claims are unexhausted and procedurally barred unless Petitioner has shown he is entitled to federal review through a recognized exception to the procedural bar.

Petitioner has failed to do so.  He cites his reliance upon the advice of a prison law clerk as the reason he did not appeal.  However, Petitioner's reliance on the assistance of inmate clerks does not establish the requisite "cause." *See Marsh v.*

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit Court of Appeals issued before the close of business on September 30, 1981.

[5] Because the circuit court summarily denied all of Petitioner's post-conviction claims, all that Petitioner was required to do in order to appeal the decision was to file a notice of appeal in the circuit court within thirty days from the date of rendition of the order. *See* Fla. R. App. P. 9.110(b), 9.141(b)(2).

*Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("The fact that an inmate law clerk was assisting in drafting [pleadings] does not relieve [petitioner] from the personal responsibility of complying with the law."). Similarly, it is well established that a petitioner's pro se status in an <u>appeal</u> from an initial-review collateral proceeding (as distinguished from an initial-review collateral proceeding itself) and the petitioner's lack of legal knowledge are not external impediments establishing "cause" for his procedural default. *See Martinez v. Ryan*, 566 U.S. 1, 12, 16, 132 S. Ct. 1309 182 L. Ed. 2d 272 (2012) (the State's failure to appoint an attorney to assist the prisoner in the initial-review collateral proceeding may constitute cause to excuse a procedural default of an IATC claim in the initial-review collateral proceeding; but this holding does not apply in other kinds of proceedings, including appeals from initial-review collateral proceedings). Moreover, none of Petitioner's claims allege newly discovered evidence of his factual innocence of the possession of cocaine charge; therefore, Petitioner has not shown he is entitled to federal review through the "fundamental miscarriage of justice" exception.

Petitioner's procedural default bars federal habeas review of the claims presented in his § 2254 petition. Therefore, federal habeas relief should be denied.

V.     CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S.—, 137 S. Ct. 759, 773, 197 L. Ed. 2d 1 (2017) (citing *Miller-El*, 537 U.S. at 327). Here, Petitioner cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.    That Petitioner's habeas petition (ECF No. 1) be **DENIED**; and

2.    That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 8th day of July 2019.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 3:18cv2203/LAC/EMT